**Affirmed as Modified and Opinion Filed September 11, 2013**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00183-CR**

**CATARINO REYES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-71881-T**

## MEMORANDUM OPINION
Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Bridges

Catarino Reyes appeals from one of two convictions for aggravated sexual assault with a deadly weapon. Appellant was convicted by a jury, and the trial court sentenced him to fifty years' imprisonment for each count. In three issues, appellant contends the trial court abused its discretion by admitting evidence he argues was never properly linked to him, the trial court erred by assessing attorney's fees against him in the judgment, and the judgment should be reformed to properly reflect the offense for which he was convicted. As reformed, we affirm the trial court's judgment.

On December 11, 2005, appellant sexually assaulted the complainant at gunpoint. The complainant was taken to a hospital where a rape exam was performed and DNA evidence was collected. On March 7, 2006, appellant was arrested after the police caught him driving a stolen vehicle. The police detective handling the investigation of the complainant's sexual assault

recovered from the owner of the stolen vehicle some of the complainant's property that was taken during the assault, including the complainant's cell phone, a TX ID card, Blockbuster cards, and a pawn ticket. The police detective entered the DNA evidence from the complainant's rape kit into the data base for unsolved crimes. In March 2010, another police detective was assigned to follow up on the complainant's assault because the police received a DNA match that led to appellant. A DNA analysis compared appellant's DNA to the DNA found in the complainant's rape kit. The test showed the probability of selecting a random unrelated individual who would have the same DNA profile as appellant was one in 11.8 trillion for Caucasians, one in 85.8 trillion for African Americans, and one in 99.4 trillion for Hispanics.

Appellant was charged by indictment with two counts of aggravated sexual assault with a deadly weapon. A pre-trial hearing was held on the admissibility of the gun appellant had in his waistband when he was arrested in the stolen vehicle. At the hearing, the complainant testified that during the assault, appellant took the complainant's bag which contained, among other items, a pawn ticket, and the complainant's wallet and cell phone, identified at trial as State's Exhibits 2, 3, and 4, respectively. At the end of the hearing, appellant objected to the admission of State's Exhibits 2, 3, and 4 because "there's been no showing connecting it to this defendant other than it being in the car . . . , there was also another person in the car [when appellant was arrested] . . . , and it's prejudicial to [appellant], particularly due to the fact that he hadn't been identified as the suspect in this case at that point." The trial court overruled appellant's objection "assuming that [the owner of the stolen vehicle] is able to testify that he found [the items in question] and turned them over to this detective." When the State moved to admit State's Exhibits 2, 3, and 4 at trial, appellant renewed his previous objection to the evidence, but the trial court overruled his objection.

A jury convicted appellant on both counts of aggravated sexual assault. The trial court assessed appellant's punishment at fifty years' imprisonment for each count. The judgment ordered appellant to pay all court costs, including $250 in attorney's fees.

In his first issue, appellant asserts the trial court abused its discretion by admitting State's Exhibits 2, 3, and 4, arguing the exhibits were not "properly linked to Appellant." Appellant admits the exhibits can be linked to the sexual assault of the complainant, but he alleges "[t]he only evidence before the jury showed that these items were recovered from the owner of the stolen vehicle at his home." He contends there is "no testimony [or other evidence] that these items were found in the vehicle." According to appellant, "complainant . . . failed to identify Appellant . . . [and] Appellant's physical description did not match that of [complainant's] attacker." He argues "[g]iven the lack of a connection between Appellant and the evidence, the risk of undue prejudice and the danger of misleading the jury was high."

The State responds the exhibits in question were reasonably connected to appellant and more probative than prejudicial. According to the State, the overruling of appellant's objection was well within the zone of reasonable disagreement and should not be disturbed. Additionally, the State contends other evidence admitted at trial far outweighed State's Exhibits 2, 3, and 4 such that no harm resulted from any error in overruling appellant's objection to the exhibits in question.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "We have long held that a trial court is entitled to broad discretion in ruling on a Rule 403 objection." *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005) (citing *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003)). "Rule 403's language implies that a

determination under this rule is inherently discretionary with the trial court." *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990)). "The inclusion of the word 'may' displays the drafter's intent to vest the trial court with substantial discretion." *Id.* (citing *Manning*, 114 S.W.3d at 926). Furthermore, "the trial court is in a superior position to evaluate the impact of the evidence." *Id.* (citing *Montgomery*, 810 S.W.2d at 378-79). "Unlike the trial court, an appellate court "'cannot weigh on appeal . . . the intonation and demeanor of the witnesses preceding the testimony in issue . . . nor can we determine the emotional reaction of the jury to other pieces of evidence . . . ." *Id.* (citing *Montgomery*, 810 S.W.2d at 379).

"The test for whether the trial court abused its discretion is whether the action was arbitrary or unreasonable." *Id.* (citing *Manning*, 114 S.W.3d at 926). "An appellate court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement." *Id.* at 440 (citing *Manning*, 114 S.W.3d at 926; *Montgomery*, 810 S.W.2d at 380). "A proper Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Id.* (citing *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004); *Montgomery*, 810 S.W.2d at 389-90).

The record shows the owner of the stolen vehicle testified he found property in his vehicle after it was recovered. He stated the property included clothes that were "real dirty and nasty-looking so [he] didn't want to pick it up or go through it." Although the owner of the stolen vehicle did not remember a police detective talking with or collecting any items from him, Detective Dovie Pepsis testified he went to the home of the owner of the stolen vehicle and collected State's Exhibits 2, 3, and 4. Therefore, there was evidence that items stolen from the complainant during the assault were collected from the owner of the stolen vehicle that appellant

was found driving. Thus, the evidence had probative value identifying appellant as a suspect in the complainant's sexual assault.

Appellant complains the prosecutor "relied heavily on this evidence to corroborate the complainant's testimony about the offense and connect Appellant to the assault . . . [and] argu[ed] the significance of the evidence four different times to the jury during closing arguments." However, the record shows the prosecutor admitted to the jury that "[i]f you had just that to go on I'd say man, it's going to be difficult." The prosecutor went on to state there was DNA evidence from the sexual assault that "match[ed]" that of appellant. We conclude the trial court's decision to overrule appellant's objection to Exhibits 2, 3, and 4 is within the zone of reasonable disagreement. *See Mechler*, 153 S.W.3d at 440.

Even assuming the trial court erred by overruling appellant's objection to State's Exhibits 2, 3, and 4, any error was harmless because the record contains other evidence to sufficiently "link" appellant to the assault. The State admitted evidence of a DNA analysis that compared the DNA evidence collected from appellant to the DNA evidence retrieved from the complainant's rape kit and showed the probability of selecting a random unrelated individual who would have the same DNA profile as appellant was one in 11.8 trillion for Caucasians, one in 85.8 trillion for African Americans, and one in 99.4 trillion for Hispanics. Additionally, the complainant testified the gun taken from appellant when he was caught driving the stolen vehicle looked like the same gun appellant used during the assault. Accordingly, we conclude there was sufficient evidence to link appellant to the assault such that any error in admitting State's Exhibits 2, 3, and 4 was harmless. We overrule appellant's first issue.

In his second issue, appellant complains the trial court erred by assessing attorney's fees against him in the judgment because "[t]he evidence is clearly insufficient to support the trial court's assessment of attorney's fees." He argues that, because he was found to be indigent at

trial and on appeal, he "is presumed to remain indigent absent evidence of a material change in Appellant's financial circumstances" and that "[n]o such evidence was presented to the trial court . . . [or] appear[s] in the record."

"Code of Criminal Procedure Article 26.05(g) allows the trial court to order a defendant to re-pay costs of court-appointed legal counsel that the court finds the defendant is able to pay." *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (citing TEX. CODE CRIM. PROC. Ann. art. 26.05(g) (West 2009 & Supp. 2012)). "[U]nder Article 26.05(g), 'the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.'" *Id.* (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). "However, a 'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" *Id.* (quoting TEX. CODE CRIM. PROC. Ann. art. 26.04(p) (West 2009 & Supp. 2012)).

"Code of Criminal Procedure Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources." *Cates*, 402 S.W.3d at 252.

The record in this case reflects that appellant was indigent and represented by court-appointed counsel at trial. Thus, absent evidence of a material change in appellant's financial circumstances, we presume he remained indigent for the rest of the proceedings in the case. *See* TEX. CODE CRIM. PROC. Ann. art. 26.04(p); *Cates*, 402 S.W.3d at 251. The State does not point to any evidence that would rebut this presumption or show that a material change in appellant's financial circumstances occurred. Therefore, there was no factual basis in the record to support a determination that appellant could pay the fees. *See id.* Accordingly, we modify the portion of the trial court's judgment imposing $756 in court costs to reduce the total court costs to the sum

of $506 by deleting the attorney's fees in the amount of $250 included therein. *See Cates*, 402 S.W.3d at 252.

In his third issue, appellant contends the judgment for his second conviction should be reformed to properly reflect the offense for which he was convicted. The State agrees with appellant that the judgment should be reformed "to reflect the charge of which Appellant was convicted." The judgment states the offense is "aggravated sex mouth deadly weapon." However, the record reflects the charge of which appellant was convicted was aggravated sexual assault with a deadly weapon. Therefore, we order the trial court's judgment to be modified to read "aggravated sexual assault with a deadly weapon." *Estrada v. State*, 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so.") (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd)).

As reformed, we affirm the judgment of the trial court.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120183F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CATARINO REYES, Appellant

No. 05-12-00183-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-71881-T.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The word "mouth" is deleted from the description of the charge of which appellant was convicted so that the charge reads "aggravated assault with a deadly weapon"

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered September 11, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE