

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00585-CR

Michael **SUTTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 08-2137-CR
Honorable William Old, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  October 8, 2014

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Michael Sutton appeals a judgment adjudicating guilt and sentencing him to prison. In 2009, Sutton pled guilty to the offense of aggravated robbery and was placed on deferred adjudication community supervision for ten years. In 2013, the State moved to adjudicate guilt, alleging Sutton had violated the terms and conditions of community supervision. After an evidentiary hearing, the trial court granted the motion to adjudicate guilt and sentenced Sutton to fifteen years in prison. This appeal followed.

Sutton's court-appointed appellate counsel has filed a motion to withdraw and a brief in which he concludes there are no meritorious grounds for review and this appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel states that Sutton was provided with copies of the brief and the motion to withdraw, and was further informed of his right to review the record and file his own brief. Sutton has not filed a pro se brief. Counsel asks us to reform the judgment adjudicating guilt and the order authorizing withdrawal from Sutton's inmate trust account to delete $600.00 in court-appointed attorney's fees assessed for the adjudication proceeding.

We have reviewed the record and counsel's brief, and we agree this appeal is frivolous and without merit. We also agree the court-appointed attorney's fees assessed for the adjudication proceeding should be modified. The record indicates the trial court assessed attorney's fees in the amount of $600.00 for the court-appointed attorney who represented Sutton at the adjudication hearing; however, the record does not support a finding that Sutton's ability to pay attorney's fees changed after the trial court first determined him to be indigent. A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013); TEX. CODE CRIM. APP. PROC. ANN. art. 26.04(p) (West Supp. 2014). Therefore, we modify the judgment and the order authorizing withdrawal from Sutton's inmate trust account to delete the $600.00 in court-appointed attorney's fees assessed against Sutton for the adjudication proceeding. The judgment is affirmed as modified. Counsel's motion to withdraw is granted.

No substitute counsel will be appointed. Should Sutton wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary

review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Karen Angelini, Justice

Do not publish