

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00179-CR

---

STEVEN COLE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 41312-A

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Steven Cole drove a Ford F-250 through downtown Longview, Texas, at 10:20 p.m., ran a red light, and collided with a Toyota Tundra driven by Jim Hightower. Witnesses described the collision as an explosion. Hightower died instantly, and the Toyota caught fire and burned. Cole admitted that he had taken methamphetamine that night. Police attempted to obtain a voluntary blood sample from Cole, but he refused. In accordance with Texas statutory law, a nurse obtained a sample of Cole's blood, which contained methamphetamine and amphetamine. Cole moved to suppress evidence pertaining to the blood specimen claiming that the specimen was seized without a warrant, consent, or exigent circumstances. The trial court found that exigent circumstances existed and admitted the blood test into evidence. A jury found Cole guilty of intoxication manslaughter and assessed a life sentence.[1] Cole was also assessed $5,695.00 in attorney fees.

On appeal, Cole originally raised two points of error. He claimed that the trial court erred (1) in denying his motion to suppress the evidence obtained through a warrantless, nonconsensual blood draw, and (2) by assessing attorney fees against him.

This Court concurred with Cole's first point of error and determined that his conviction should be reversed. The Texas Court of Criminal Appeals reversed our ruling and remanded the matter to us with an instruction that we analyze Cole's remaining point of error.

---

[1]The State alleged and proved two prior Louisiana felony convictions to enhance the punishment range to twenty-five years to ninety-nine years, or life. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

Because we find the assessment of attorney fees to be erroneous, we modify the judgment to strike the assessment of attorney fees and affirm the judgment of conviction and sentence, as modified.

Cole asserts that he was improperly assessed attorney fees in the trial court's judgment. We agree.

Though the record demonstrated, and the trial court had found, that Cole was indigent, the judgment ordered that he pay attorney fees. A trial court may order an indigent defendant to pay a court-appointed attorney's fees only if "the judge determines that [the] defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . ., including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2015). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

This record contains no finding by the trial court that Cole had financial resources or was otherwise able to pay his appointed attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). The State agrees. Accordingly, we modify the trial court's judgment by deleting the assessment of attorney fees. As modified, the trial court's judgment is affirmed.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 20, 2016
Date Decided:       July 27, 2016

Do Not Publish

4