Russell CATES, Appellant

v.

The STATE of Texas.

No. PD–0861–12.

Court of Criminal Appeals of Texas.

June 26, 2013.

Richard G. Ferguson, for Russell Cates.

## *OPINION*

MEYERS, J., delivered the opinion for a unanimous Court.

Appellant, Russell Cates, was convicted of unauthorized use of a motor vehicle. He was sentenced to 24 months in a state-jail facility and assessed a $5,000 fine. The trial court found that Appellant was unable to pay costs "on this date" and ordered that the funds, in the amount of $6,389.75, be withdrawn from Appellant's inmate trust account. Appellant appealed, arguing that the trial court erred in ordering him to pay $1,039.75 in court-appointed attorney's fees as part of court costs. Specifically, Appellant argued that, because the trial court found him to be indigent and there is no factual basis in the record to support a determination that he can pay the fees, the evidence was insufficient to support the trial court's order.

The court of appeals determined that the record supports the trial court's finding that Appellant can pay at least a portion of the fees from a percentage of funds available to him through his inmate trust account while he is incarcerated. The court of appeals modified the trial court's judgment to limit Appellant's liability for the attorney's fees that were assessed as costs to the withholdings taken from his inmate trust account during his incarceration.

Appellant filed a petition for discretionary review, which we granted to consider whether the court of appeals erred by creating an exception to *Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App.2010), and holding that withholding money from an indigent inmate's trust account to pay court-appointed attorney's fees does not violate Code of Criminal Procedure. Article 26.05(g).

## ARGUMENTS OF THE PARTIES

Appellant argues that the trial court order violated Code of Criminal Procedure Article 26.05(g) and our holding in *Mayer.* He says that, rather than distinguishing *Mayer* and modifying the trial-court order, the court of appeals should have reformed the judgment to delete the requirement to pay the $1,039.75 in court-appointed attorney's fees from his inmate trust account. The State agrees and concedes that there is insufficient evidence in the record to support the assessment of court-appointed attorney's fees.

## ANALYSIS

Code of Criminal Procedure Article 26.05(g) allows the trial court to order a defendant to re-pay costs of court-appointed legal counsel that the court finds the defendant is able to pay. In *Mayer,* we stated that under Article 26.05(g), "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." 309 S.W.3d at 556. However, a "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX.CODE CRIM. PROC. art. 26.04(p). Here, Appellant had been determined by the trial court to be indigent and there was

never a finding by the court that he was able to re-pay any amount of the costs of court-appointed legal counsel. Thus, there was no factual basis in the record to support a determination that Appellant could pay the fees.

Code of Criminal Procedure Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources. The court of appeals's reasoning that there may, in the future, be funds in Appellant's inmate trust account and that such funds could be used during his incarceration to re-pay expenses of his court-appointed counsel, was flawed.

The parties are correct that the proper remedy is to reform the court of appeals's judgment by deleting the $1,039.75 in court-appointed attorney's fees from the order assessing court costs.

## CONCLUSION

We modify the judgment of the court of appeals to delete the fees of Appellant's court-appointed attorney that were included in the order for payment of court costs. The judgment of the court of appeals is affirmed as modified.

KELLER, P.J., filed a concurring opinion.

KELLER, P.J., filed a concurring opinion.

I agree with the Court that Article 26.05(g)[1] "requires a present determination of financial resources and does not allow access to possible future resources,"

but there is a good policy reason for changing that requirement: If a defendant subsequently acquires the financial resources to compensate the county for defense-counsel fees associated with his conviction, he ought to be required to do so. The legislature could amend the statute to allow the trial judge to conditionally impose attorneys' fees to be paid if the defendant obtains sufficient financial resources during the pendency of his sentence.[2] But the legislature has not enacted such a scheme, so a trial judge can impose attorneys' fees only on the basis of the defendant's financial status during the pendency of trial or upon conviction.[3]

I join the Court's opinion.

---

1. Tex.Code Crim. Proc. art. 26.05(g).

2. To avoid discouraging family members from contributing to an inmate's trust account, deductions to pay conditionally ordered attorneys fees might be limited to a percentage of the funds received in the account.

3. An argument might be made that "indigence" means something different in the outside world than it does in prison, where everyone is afforded basic necessities and where the use of funds is limited, all regardless of personal wealth. But no such argument has been made, and it is not apparent that the current statutes would allow such a position.