

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00413-CR

Angela **DAVIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR7335A
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED AS MODIFIED

The only issues presented in this appeal are whether the court costs assessed against Angela Davis could include a "time payment fee" and attorney's fees.  Because the record contains no evidence of any material change in Davis's financial circumstances since the trial court found Davis indigent and appointed counsel to represent her, we modify the trial court's judgment to delete the assessment of attorney's fees against her and affirm the judgment as modified.

## TIME PAYMENT FEE

Section 133.013 of the Texas Local Government Code requires a person convicted of a criminal offense to pay a time payment fee of $25 if the person: "(1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." TEX. LOC. GOV'T CODE ANN. § 133.103(a) (West Supp. 2012). In her first issue, Davis contends that this fee cannot be assessed against her until she pays part of her fine, court costs, or restitution on or after the 31st day after judgment was entered against her. We disagree.

The judgment was entered against Davis on June 10, 2013. The Bill of Cost permits Davis to pay the court costs 120 days after her release from the Texas Department of Criminal Justice, and the record does not reflect that Davis paid her court costs before the 31st day after the date the judgment was entered. Accordingly, Davis was properly assessed the time payment fee.

## ATTORNEY'S FEES

In her second issue, Davis contends the evidence is insufficient to show that her financial circumstances materially changed after she was found indigent. As a result, Davis asserts attorney's fees could not be assessed against her.

Article 26.05(g) of the Texas Code of Criminal Procedure permits a trial court to order the reimbursement of court-appointed attorney's fees if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). "[T]he defendant's financial resources and his ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of" the costs of legal services. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

In *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013), the appellant argued that that the evidence was insufficient to support the trial court's order requiring him to pay court-appointed attorney's fees "because the trial court found him to be indigent and there [was] no factual basis in the record to support a determination that he [could] pay the fees." On appeal to the Texas Court of Criminal Appeals, the State conceded that the record contained insufficient evidence to support the assessment of court-appointed attorney's fees. *Id*. The Texas Court of Criminal Appeals initially noted that a "'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" *Id*. (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). The court then agreed with the appellant, reasoning:

> Here, Appellant had been determined by the trial court to be indigent and there was never a finding by the court that he was able to re-pay any amount of the costs of court-appointed legal counsel. Thus, there was no factual basis in the record to support a determination that Appellant could pay the fees.

*Id*. at 251-52.

Similarly, in the instant case, the clerk's record contains a notice that trial counsel was appointed to "represent the following indigent defendant" and thereafter provided Davis's name and contact information. In addition to the presumption that Davis remained indigent for the remainder of the proceedings, the trial court signed an order approximately two weeks after the judgment was signed, appointing appellate counsel to represent Davis in response to her motion requesting the appointment of counsel because she was "indigent and wholly destitute of means with which to retain counsel to represent [her] on appeal." Therefore, like the record in *Cates,* "there [is] no factual basis in [this] record to support a determination that [Davis] could pay the fees." *Id*. at 252.

**CONCLUSION**

The trial court's judgment is modified to delete the assessment of attorney's fees against Davis, and the judgment is affirmed as modified.

Catherine Stone, Chief Justice

DO NOT PUBLISH