**AFFIRMED as Modified; Opinion Filed November 21, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01726-CR

## CHARLES RAY JAMES, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause No. F12-60716-H**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Lewis
Opinion by Justice Lang

Charles Ray James was charged by an indictment with theft in an amount less than $1,500, enhanced by two prior theft convictions, to which he entered an open plea of guilty. The trial court accepted James's plea and assessed punishment at 2 years in prison. In his two issues, James argues that (1) the evidence is insufficient to support the court-ordered reimbursement of attorney's fees, and (2) the evidence is insufficient to support the trial court's order that James pay $244 in court costs. We decide in James's favor on his first issue as to attorney's fees and against him on the issue of court costs.

In his first issue, James argues that the trial court's judgment should be "reformed to delete" the court-ordered reimbursement of attorney's fees since the trial court had made the determination that James was indigent for trial. The state concedes that the trial court erred

when it rendered judgment that James pay attorney's fees. The Texas Code of Criminal Procedure states, "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p). If a trial court decides to assess attorney's fees, it must first determine that the defendant has the financial resources to enable the court to offset those costs. TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *see also Youkers v. State*, 400 S.W.3d 200, 212 (Tex. App.—Dallas 2013, pet. ref'd). The record must reflect some factual basis to support the trial court's determination. *Youkers*, 400 S.W.3d at 212. The State agrees with James that James was declared indigent in the trial court and no material change is apparent on this record. Because we find no material change on the record, we conclude the trial court erred. Accordingly, we reform the judgment by deleting the award of attorney's fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

In his second issue, James claims we should "reform[]" the trial court's judgment to "delete" the order that he pay court costs because the clerk's record in this case does not include a bill of costs compliant with the Texas Code of Criminal Procedure. Prior to submission of this case, we ordered the Dallas County District Clerk to prepare and file a supplemental clerk's record containing a detailed itemization of the costs assessed in this case, including a document that explained any and all abbreviations used to designate a particular fee, cost, or court-appointed attorney fee. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, .006 (West 2006). The Dallas County District Clerk has complied with our order by filing a signed and certified supplemental clerk's record containing the itemization of the costs assessed in this case. Because the record now contains a bill of costs supporting the assessment of costs in the judgment, we decide this issue respecting court costs against James.

We modify the judgment of the trial court to delete the fees of James's court-appointed attorney that were included in the order for payment of court costs and affirm the judgment as modified.

/Douglas S. Lang
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

121726F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHARLES RAY JAMES, Appellant

No. 05-12-01726-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F12-60716-H.
Opinion delivered by Justice Lang.   Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to delete the fees of James's court-appointed attorney that were included in the order for payment of court costs.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of November, 2013.

/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE