

# Fourth Court of Appeals
## San Antonio, Texas

March 11, 2014

No. 04-14-00136-CR

Billy Edward **GONZALEZ**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. 12-CR-611
Honorable Jose Luis Garza, Judge Presiding

# O R D E R

The clerk's record was due December 30, 2014.[1]  On March 3, 2014, we issued a letter to the district clerk of Starr County, Mr. Eloy R. Garcia, advising him that the record was overdue. We further advised the clerk that if the record had not been filed because appellant has failed to pay for the record and is not entitled to appeal without paying the fee, the clerk must filed a notification of late record within ten days of the date of the letter.  Otherwise, the record was due within thirty days of the date of the letter.

On March 5, 2014, in response to our letter, the clerk filed a notification of late record stating appellant has failed to pay for the record and is not entitled to appeal without paying the fee.  However, our records indicate appellant had appointed trial counsel and appointed counsel has not withdrawn and is thereby presumed to still represent appellant on appeal.

---

[1] The notice of appeal was not received in this court until February 27, 2014.

Under Texas law, criminal defendants are not entitled to court-appointed counsel unless they are indigent. *See* TEX. CODE CRIM. PROC. art. 26.04. Thus, appellant was clearly indigent at trial. Once appellant was found indigent, he is presumed to have remained indigent for the remainder of the proceedings, including appeal, absent a factual determination of a material change in his financial circumstances. *See Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013); TEX. CODE CRIM. PROC. art. 26.04(p).

Our records do not indicate, nor have we been advised of any finding by the trial court, that appellant's financial circumstances have changed. Accordingly, appellant is presumed indigent and the clerk may not refuse to file the clerk's record because appellant has not paid for the record; appellant is entitled to a free record on appeal.

We therefore **DENY** the district clerk's notification of late record and **ORDER** the district clerk to file a proper notification of late record on or before **March 17, 2014**, or file the clerk's record in this court on or before April 2, 2014.

We **order** the clerk of this court to serve a copy of this order on all counsel, the district clerk, the court reporter, and the trial court.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of March, 2014.

_____
Keith E. Hottle
Clerk of Court