

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00128-CR

MICHAEL DAVID WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 13th District Court
Navarro County, Texas
Trial Court No. D34,123-CR, Honorable James E. Lagomarsino, Presiding

January 29, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Michael Williams, appellant, appeals his conviction for continuous sexual abuse of a child. Through two issues, he contends that the trial court erred in its charge to the jury and for assessing attorney's fees without evidence of appellant's ability to pay. The State concedes the accuracy of both issues but asserts that neither require reversal of the judgment. We agree with the State, modify the judgment, and affirm it as modified.

*Background*

Appellant was indicted for the following:

[Appellant] . . . did then and there, during a period that was 30 or more days in duration, to-wit: from on or about January 1, 2008 through January 30, 2010, when [appellant] was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, namely, indecency with a child by engaging in sexual contact with [A.W.] by touching the genitals of [A.W.] with the intent to arouse or gratify the sexual desire of [appellant], indecency with a child by causing [A.W.] to engage in sexual contact by causing [A.W.] to touch the genitals of [appellant] with the intent to arouse or gratify the sexual desire of [appellant], and aggravated sexual assault by intentionally or knowingly causing the sexual organ of [A.W.] to contact the mouth of [appellant]. . . .

Appellant received a jury trial and the jury was charged as follows:

**Accusation**

The state accuses [appellant] of having committed the offense of continuous sexual abuse of a young child or young children. Specifically, the accusation is that [appellant] from on or about January 1, 2008 through January 30, 2010, when [appellant] was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, namely indecency with a child by engaging in sexual contact with [A.W.] by touching the genitals of [A.W.] with the intent to arouse or gratify the sexual desire of [appellant], indecency with a child by causing [A.W.] to engage in sexual contact by causing [A.W.] to touch the genitals of [appellant] with the intent to arouse or gratify the sexual desire of [appellant], and aggravated sexual assault by intentionally or knowingly causing the sexual organ of [A.W.] to contact the mouth of [appellant].

Under the heading, **Relevant Statutes**, the trial court included the following:

Indecency with a child is an act of sexual abuse if the state proves, beyond a reasonable doubt, three elements. The elements are that—

1.      [appellant] engaged in sexual contact with another person by—

a. any touching of the anus, breast, or any part of the genitals of the person; or

b. any touching of any part of the body of the person with the anus, breast, or any part of the genitals of [appellant]. . .

Then in the paragraph entitled **Application of Law to Facts**, the trial court charged the jury on the following:

You must determine whether the state has proved, beyond a reasonable doubt, four elements. The elements are that –

1. [appellant] . . . from . . . January 1, 2008 through January 30, 2010, when [appellant] was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, namely, indecency with a child by engaging in sexual contact with [A.W.] by touching the genitals of [A.W.] with the intent to arouse or gratify the sexual desire of [appellant], indecency with a child by causing [A.W.] to engage in sexual contact by causing [A.W.] to touch the genitals of [appellant] with the intent to arouse or gratify the sexual desire of [appellant], and aggravated sexual assault by intentionally or knowingly causing the sexual organ of [A.W.] to contact the mouth of [appellant].

The first and second alleged acts of sexual abuse are that [appellant] engaged in indecency with a child. Indecency with a child is an act of sexual abuse if the state proves, beyond a reasonable doubt, three elements. The elements are that—

a. [appellant] engaged in sexual contact with [A.W.] by—

(1) any touching of the anus, breast, or any part of the genitals of [A.W.]; or

(2) any touching of any part of the body of [A.W.] with the anus, breast, or any part of the genitals of [appellant]. . . .

The jury convicted appellant of the charged offense. He now appeals the conviction and the award of attorney's fees.

***The Law—Jury Charge***

Appellant contends that the jury charge was wrong because it improperly included touching of the "breast" as a way for him to be convicted of continuous sexual abuse. The complaint, however, was not raised at trial. The State agrees that the inclusion was error, but because it was not raised below, it would require proof of egregious harm to warrant reversal. We overrule the issue.

Because the error was not first asserted below, we may reverse the judgment only if it caused appellant to suffer egregious harm. *Ngo v. State,* 175 S.W.3d 738, 743-44 (Tex. Crim. App.2005) (stating that when the defendant fails to preserve error at trial, the record must demonstrate "egregious harm" to warrant reversal). To rise to that level, the harm must affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive. *Id*. at 750. In other words, it must be of the ilk that denied the appellant a fair and impartial trial. *Id.* at 752. In determining whether the harm rose to such a level here, we review 1) the entire charge, 2) the state of the evidence, including the contested issues and the weight of the probative evidence, 3) the arguments of counsel, and 4) any other relevant information revealed by the record. *Id*. at 750 n. 48.

While it is true that the jury charge mentioned the touching of breasts as a form of indecency, the application paragraph actually described the indecent acts of which appellant was accused as the touching of genitals, "namely, indecency with a child by engaging in sexual contact with [A.W.] by *touching the*

4

*genitals* of [A.W.] with the intent to arouse or gratify the sexual desire of [appellant], indecency with a child by causing [A.W.] to engage in sexual contact *by causing [A.W.] to touch the genitals* of" appellant. (Emphasis added). And because we must presume that jurors follow the court's instructions, *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005), we can conclude that the jury was not free to simply pick and choose the type of indecent act upon which conviction could be founded.

To the foregoing, we add the evidence of guilt. Evidence of record indicates that appellant touched the child's breasts. Yet, ample evidence also revealed that he touched her genitalia and anus and he had her touch his penis. And, it cannot be said that an improper means of convicting appellant was somehow improperly interjected via the evidence of breast touching; this is so because extraneous bad acts like that were admissible to illustrate or explain the nature of the relationship between the child and appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014-2015). Simply put, the jury had before it more than enough evidence upon which to conclude, beyond reasonable doubt, that the indecency committed by appellant involved the touching of genitalia.

Furthermore, both the State and appellant focused upon the touching of genitalia (as opposed to the touching of the child's breasts) in their closing arguments. And, while the State also alluded to appellant touching his daughter's breasts, it was done in passing, with little repetition, and in the context of all the bad acts which his daughter accused him of committing.

5

Again, for there to be egregious harm, the error had to affect the very basis of his case, deprive him of a valuable right, or vitally affected a defensive theory. Considering the jury charge as a whole, the contested evidence, and closing arguments of counsel, we conclude that any harm appellant may have experienced due to the inaccurate charge was not of that ilk. It did not and does not rise to the level of depriving him of a fair and impartial trial.

### Attorney's Fees

In his second issue, appellant contends the trial court erred by ordering him to pay attorney's fees. The State agrees and requests that we modify the judgment by removing the obligation. The latter is the appropriate way to correct the mistake. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Thus, we sustain the issue and modify the judgment to redact from it the obligation imposed on appellant to pay attorney's fees arising from the services provided by his appointed counsel.

The judgment is affirmed as modified.

Per Curiam

Do not publish.