# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00819-CR

**Timothy Steven Blackard, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 44373, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Timothy Steven Blackard of the offense of engaging in organized criminal activity and assessed punishment at 25 years' imprisonment.[1] The district court rendered judgment on the verdict. In a single issue on appeal, Blackard argues that the evidence is insufficient to support the district court's order that Blackard pay court-appointed attorney's fees. We will modify the judgment of conviction to delete the order requiring Blackard to pay attorney's fees and affirm the judgment as modified.

## BACKGROUND

Following his arrest for the charged offense, Blackard completed a "form for court-appointed attorney," in which he indicated that he was unemployed and received no income

---

[1] *See* Tex. Penal Code § 71.02.

from public assistance.  Subsequently, the district court ordered that Blackard be appointed counsel, finding that Blackard did not have "sufficient net assets to use in hiring a lawyer" and that he had satisfied the eligibility requirements for appointment of counsel.  In two subsequent orders appointing substitute counsel to represent Blackard, the district court similarly found that Blackard was "not fully financially able to employ an attorney and that Defendant's application for appointment should be granted."[2]  The case proceeded to trial, where Blackard remained represented by appointed counsel.  At the conclusion of trial, the district court rendered judgment on the jury's verdict finding Blackard guilty of the charged offense and, in accordance with that verdict, sentenced Blackard to 25 years' imprisonment.  The district court then asked the parties whether there was "anything further that needs to be done."  Counsel for both the State and Blackard answered in the negative, and the district court adjourned the proceedings.

In its written judgment of conviction, the district court made the following finding: "THE DEFENDANT ACKNOWLEDGED HIS/HER ABILITY TO PAY COURT APPOINTED ATTORNEY FEES IN PERIODIC PAYMENTS UPON RELEASE FROM INCARCERATION, AND IS HEREBY ORDERED TO PAY COURT APPOINTED ATTORNEY FEES IN THE AMOUNT OF $ TBD."  Subsequently, the district court rendered a judgment nunc pro tunc, in which it stated that the inclusion of "TBD" in the above finding was a "clerical error" and modified the finding by replacing "TBD" with a dollar amount of $6,330.00.  This appeal followed.

---

[2] In a third order appointing substitute counsel, the district court made no findings regarding Blackard's ability or inability to employ counsel.

**ANALYSIS**

In his sole issue on appeal, Blackard argues that there is insufficient evidence to support the district court's finding that he had the ability to pay court-appointed attorney's fees, as well as its finding regarding the specific amount of attorney's fees that he is ordered to pay. Therefore, according to Blackard, the order regarding payment of attorney's fees should be deleted from the judgment. In response, the State has filed a brief in which it candidly acknowledges that it is "unable to defend against this argument" and "concede[s] that the relief that is being requested by Appellant is appropriate under these circumstances."

We agree. The Code of Criminal Procedure authorizes a trial court to order a defendant to pay court-appointed attorney's fees, but only "[i]f the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided."[3] Additionally, the trial court's order is limited to "the amount that it finds the defendant is able to pay."[4] Accordingly, "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees," and there must be evidence in the record supporting those elements.[5]

Here, the record reflects that the district court found Blackard to be indigent prior to trial and, on multiple occasions, appointed counsel to represent him throughout these proceedings.[6]

---

[3] Tex. Code Crim. Proc. art. 26.05(g).

[4] *Id*.

[5] *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

[6] We note that, in addition to the multiple appointments of counsel that the district court made prior to trial, the district court also appointed counsel to represent Blackard on appeal. In trial

3

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."[7] "If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination."[8] The record does not support a finding that any material change in Blackard's financial circumstances occurred or reflect that any motion for reconsideration of the district court's indigence determination was made by the State. Nor does the record reflect that any hearing was held regarding Blackard's financial resources, his ability to pay attorney's fees, or the amount of such fees, if any, that Blackard would be able to pay. On this record, and in light of the State's concession of error, we must conclude that the evidence is insufficient to support the district court's finding that Blackard had the ability to pay court-appointed attorney's fees.[9]

We sustain Blackard's sole issue on appeal.

_____

counsel's "motion to withdraw as counsel and request for court-appointed counsel" on appeal, trial counsel represented that Blackard "is indigent and cannot afford to employ counsel." Trial counsel added, "Defendant's Affidavit of Indigence is already on file with the papers in this cause and there has been no change in his financial ability to hire an attorney to represent him in this case." The district court granted the motion.

[7] Tex. Code Crim. Proc. art. 26.04(p).

[8] *Id*.

[9] *See Cates v. State*, 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013); *Mayer*, 309 S.W.3d at 556; *West v. State*, 474 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Ford v. State*, No. 03-11-00227-CR, 2014 Tex. App. LEXIS 3158, at *19-21 (Tex. App.—Austin Mar. 20, 2014, no pet.) (mem. op., not designated for publication).

4

**CONCLUSION**

When there is insufficient evidence to support the order to pay attorney's fees, the proper remedy is to delete the order.[10]  Accordingly, we modify the judgment of conviction to delete the order for repayment of $6,330.00 in attorney's fees.  As modified, the judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Modified and, as Modified, Affirmed

Filed:   August 25, 2016

Do Not Publish

---

[10]  *See Mayer*, 309 S.W.3d at 557; *West*, 474 S.W.3d at 795.