

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00435-CR

NORMA ELIZABETH SANCHEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
### TRIAL COURT NO. 1363471

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Norma Elizabeth Sanchez appeals her conviction for misdemeanor driving while intoxicated. In two points, Sanchez argues that the trial court abused its discretion by denying her challenge for cause to veniremember 13 and by imposing court-appointed attorney fees against her. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. BACKGROUND

Because Sanchez argues only that the trial court erred by denying her challenge for cause and by assessing attorney fees, it is only necessary that we provide a brief recitation of the facts relevant to this opinion.

The State charged Sanchez with misdemeanor DWI by information. Afterwards, Sanchez filed an "Affidavit of Indigency" including a "Financial Information" section. In her affidavit, Sanchez stated that she earned $560 every two weeks as a cashier at Taco Bell. Based on her filing, the trial court found Sanchez indigent and appointed an attorney for her. The trial court also found that Sanchez "has financial resources that enable [her] to offset the costs of the legal service provided."

Sanchez elected to have her case heard before a jury. Later, during voir dire, the following exchange occurred:

> [Prosecutor]: Some people give more weight to the testimony of a officer. First off, let me just ask. Does anyone know the name of Officer Pearce? Does anyone recognize that name for any reason?
>
> Okay. I want to ask you questions I call the three P's. We got the police officer, the priest and the prostitute. All three come in that door, sit on that stand and testify. But before they testify -- we're not talking about after they're testifying. Before they testify they all came in, one was wearing his priestly garb, his white collar on. Forgive me, I don't know the proper term for it, okay?
>
> The police officer came here in his blues, got his gun, his badge, looking all professional.
>
> And the prostitute came in, in her clear high heels and her fishnet stockings and she looked like a prostitute.

2

Before they open their mouth, before they said anything, any of you going to give more credibility to the officer or the priest than the prostitute?

[Prosecutor speaking directly to veniremember 13], so, if the judge instructed you that you have to give all the witnesses the same level of credibility before they've testified, could you follow that instruction or would you still give those -- the police and the priest than the prostitute before they've talked?

[Veniremember 13]:   I'm afraid I would do so unconsciously.

[Prosecutor]:   Okay.  So you couldn't follow that instruction?

[Veniremember 13]:   I feel like subconsciously I would.

[Prosecutor]:   So you don't think you can follow the judge's instruction to give all witnesses the same level of credibility before they ever --

[Veniremember 13]:   Subconsciously I -- I wouldn't.

After this exchange, Sanchez's court-appointed attorney challenged veniremember 13 for cause, which the trial court denied.

A jury found Sanchez guilty of misdemeanor DWI, and the trial court assessed punishment at 90 days in jail and a $500 fine.  The trial court rendered judgment accordingly.  In its Bill of Cost, the trial court assessed $375 in attorney fees.  This appeal followed.

### III. DISCUSSION

### A.   Sanchez's Challenge for Cause

In her first point, Sanchez argues that the trial court erred by not granting her challenge for cause against veniremember 13.  We disagree.

3

When reviewing a trial court's decision to deny a challenge for cause, we look to the entire record to determine whether there is sufficient evidence to support the trial court's ruling and reverse only for a clear abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010), *cert. denied*, 565 U.S. 830 (2011); *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). Because the trial judge is in the best position to evaluate a veniremember's demeanor and responses, we review a trial court's ruling on a challenge for cause with considerable deference. *Gardner v. State*, 306 S.W.3d 274, 295–96 (Tex. Crim. App. 2009), *cert. denied*, 562 U.S. 850 (2010); *Burks v. State*, 876 S.W.2d 877, 893 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1114 (1995). We accord particular deference to a trial court's decision when a veniremember's answers concerning her ability to follow the law are vacillating, equivocating, ambiguous, unclear, or contradictory. *Gardner*, 306 S.W.3d at 295–96; *Moore v. State*, 999 S.W.2d 385, 400, 407 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216 (2000).

But Texas courts have repeatedly held that veniremembers are not challengeable for cause when they would slightly tend to believe one class of witnesses more than others; rather, to be challengeable for cause, veniremembers must have extreme or absolute positions with respect to the credibility of the class of witnesses. *Moore v. State*, 54 S.W.3d 529, 537 (Tex. App.—Fort Worth 2001, pet. ref'd). For example, a veniremember who says that he would tend to believe a police officer more than another witness may serve on

4

a jury. *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000). Likewise, a veniremember who says he might give more credibility to a Texas Ranger's testimony may serve on a jury. *Smith v. State*, 907 S.W.2d 522, 531 (Tex. Crim. App. 1995). And a veniremember who says that he would tend to believe an adult witness over a child witness may serve on a jury. *Moore*, 54 S.W.3d at 537.

Here, veniremember 13 merely stated that she thought that "subconsciously" or "unconsciously" she would tend to believe a police officer or a priest over a prostitute. Veniremember 13's statements were neither absolute nor extreme with respect to the credibility of a police officer, a priest, or a prostitute. Based on our review of the entire voir dire, we hold that the trial court did not clearly abuse its discretion by denying Sanchez's challenge for cause to veniremember 13. *See Moore*, 54 S.W.3d at 537 (holding that veniremembers were not challengeable for cause simply because they stated they would trust an adult's credibility more than that of a child). We therefore overrule Sanchez's first point.

## B.    Court-Appointed Attorney Fees

In her second point, Sanchez argues that the trial court erred by ordering her to pay $375 in court-appointed attorney fees as part of her Bill of Cost. We disagree.

A trial court is allowed to assess attorney fees against a defendant who had court-appointed counsel if it determines that the defendant has financial

resources enabling her to offset, in part or in whole, the costs of the legal service provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2017). Under Article 26.05(g), a defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees. *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). Article 26.05(g) requires a present factual determination of the defendant's financial resources without speculation about possible future resources. *Id.* at 252.

In this case, Sanchez, after being charged, filed an "Affidavit of Indigency" including a "Financial Information" section. In her affidavit, Sanchez stated that she earned $560 every two weeks as a cashier at Taco Bell. Based on her filing, the trial court appointed an attorney for Sanchez. The trial court also found that Sanchez "has financial resources that enable [her] to offset the costs of the legal service provided." Pursuant to that finding, the trial court ordered Sanchez to pay $375 in attorney fees in its Bill of Cost upon her conviction.

Because the trial court made a finding that Sanchez had the financial resources to offset the costs of her court-appointed attorney fees and because there is evidence to support that finding in the record, the trial court did not err by assessing the $375 in attorney fees. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.) (holding that when a trial court assesses attorney fees in a criminal case, it must determine that the defendant has financial resources enabling her to offset the costs of the legal service provided

6

and such determination must be supported by some factual basis in the record). Thus, we overrule Sanchez's second point.

## IV. CONCLUSION

Having overruled both of Sanchez's points on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  WALKER, MEIER, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 8, 2018