**Opinion filed July 8, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00027-CR

_____

## GERARDO ALONZO LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-18-1149-CR**

## MEMORANDUM OPINION ON REMAND

Based upon an open plea of guilty, the trial court convicted Appellant of felony driving while intoxicated. After a hearing on punishment, the trial court assessed Appellant's punishment at confinement for five years and a fine of $500. We modify the trial court's judgment and affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is frivolous

and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We note, however, that the judgment contains a nonreversible error. In the judgment, the trial court ordered Appellant to pay court costs, including a Time Payment Fee of $25. In light of the recent opinion of the Court of Criminal Appeals in *Dulin*, we conclude that the time payment fee must be struck in its entirety as prematurely assessed. *See Dulin v. State*, 620 S.W.3d 129, 133 & n.29 (Tex. Crim. App. 2021). When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

Accordingly, we modify the trial court's judgment and the bill of cost to delete the time payment fee of $25, without prejudice to a time payment fee being assessed later "if, more than 30 days after the issuance of the appellate mandate, [Appellant]

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

has failed to completely pay any fine, court costs, or restitution that he owes." *See Dulin*, 620 S.W.3d at 133.

We grant counsel's motion to withdraw; modify the judgment of the trial court as set forth above; and, as modified, affirm the judgment of the trial court.

PER CURIAM

July 8, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.