# NO. 12-20-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DESMOND DEONTAE MOSS,* *APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Desmond Deontae Moss appeals his conviction for failure to register as a sex offender. On appeal, Appellant argues that the trial court erred in assessing court costs for the "county specialty court account" and overcharging for the "courthouse security fund" fee. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with failure to register as a sex offender in that, while knowing he was required to register with the local law enforcement authority in the municipality where he resided or intended to reside for more than seven days, namely Tyler, Texas, because of a reportable conviction for aggravated sexual assault of a child, he failed to register with the local law enforcement authority in the municipality, a third degree felony.[1] The date of the offense was on or about February 13, 2019.

Appellant made an "open" plea of "guilty" to the offense charged in the indictment. Appellant and his counsel signed various documents in connection with his guilty plea, including an agreed punishment recommendation, and a stipulation of evidence in which he stipulated, and judicially confessed, that each and every allegation in the indictment was true and correct, and

---

[1] TEX. CODE CRIM. PROC. ANN. art. 62.102(a)(b)(2) (West 2018).

constituted the evidence in the case. The trial court accepted Appellant's plea, found the evidence substantiated his guilty plea, adjudged Appellant guilty of the offense charged in the indictment, and assessed his punishment at five years of imprisonment. The trial court also ordered Appellant to pay all court costs in the amount of $311.50. This appeal followed.

COURT COSTS

In one issue, Appellant argues that the trial court erred in assessing court costs for the "county specialty court account" and overcharging for the "courthouse security fund" fee. The State concedes error.

**Standard of Review and Applicable Law**

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia* evidentiary-sufficiency principles do not apply. *Johnson v. State*, 423 S.W.3d 385, 389-90 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal. *Id.* at 391. When a trial court improperly includes amounts in assessed court costs, the proper appellate remedy is to reform the judgment to delete the improper fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Court costs may not be assessed against a criminal defendant for which a cost is not expressly provided by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018).

**Analysis**

In his brief, Appellant first complains that the trial court erred in assessing a "county specialty court account" fee. In the bill of costs, the trial court assessed $25.00 against Appellant for a "county specialty court account" fee. Prior to June 2019, Article 102.0178(g) provided that funds received from costs on conviction of an offense under Chapter 49 of the Texas Penal Code (intoxication offenses) or Chapter 481 of the Texas Health and Safety Code (controlled substances offenses) would be deposited to the credit of the drug court account to help fund drug court programs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0178(a), (g) (West 2018), *repealed by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.18, 2019 TEX. GEN. LAWS 1352. In June 2019, the Legislature redesignated the drug court account under Article 102.0178 to the "county specialty court account" under Section 134.101(b)(6) of the Texas Local Government Code. *See*

2

TEX. LOCAL GOV'T CODE ANN. § 134.101(b)(6) (West 2021). The new legislation only applies to offenses committed on or after January 1, 2020. *See* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 TEX. GEN. LAWS 1352.

Because Appellant was not convicted of a drug or intoxication offense, the repealed statute, former Article 102.0178(g), does not apply. Further, because Appellant's offense occurred on or before February 13, 2019, the new legislation under Section 134.101(b)(6) also does not apply to Appellant. Thus, the new "county specialty court account" fee should be removed from his court costs assessment.

Next, Appellant complains that the bill of costs assesses a $10.00 "courthouse security fund" fee. Under Article 102.017 of the Texas Code of Criminal Procedure, a defendant convicted of a felony offense in a district court shall pay a $5.00 security fee as a cost of court. *See* TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West 2018) *amended by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.08, 2019 TEX. GEN. LAWS 1352. We note that Article 102.017 has been rewritten, but only applies to a cost, fee, or fine on conviction for an offense committed on or after January 1, 2020. *See* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 TEX. GEN. LAWS 1352 (current version at TEX. CODE CRIM. PROC. ANN. art. 102.017 (West Supp. 2020)). Because Appellant's offense was committed on February 13, 2019, the new legislation does not apply. Thus, the "courthouse security fund" fee of $10.00 is erroneous and should be reduced in the bill of costs to reflect the proper authorized amount of $5.00. Consequently, we sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment, Order to Withdraw Funds, and bill of costs to reflect that the amount of court costs is $281.50 by removing the "county specialty court account" fee and reducing the "courthouse security fund" fee. We *affirm* the judgment as modified.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 3, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 3, 2021**

**NO. 12-20-00058-CR**

**DESMOND DEONTAE MOSS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1387-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs be **modified** to reflect that the amount of court costs is $281.50 by removing the "county specialty court account" fee and reducing the "courthouse security fund" fee; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*