

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00069-CR

———————————————————

CHRISTOPHER ZANE GUEVARA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR20-0409

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

A jury convicted Appellant Christopher Zane Guevara of the offense of possession of methamphetamine with the intent to distribute and assessed his confinement at forty years' imprisonment. The trial court entered judgment in accordance with the jury's verdicts on guilt and punishment. Appellant does not challenge the judgment of conviction or that of his sentence. Instead, he raises two points on appeal, contending that the trial court erred by ordering him to reimburse the cost of his appointed counsel for trial and appeal and imposing a time-payment fee. The State agrees with Appellant that the trial court's actions in requiring reimbursement of attorney's fees and assessment of the time-payment fee were error. We conclude the same and hold that the trial court's orders imposing a reimbursement obligation on Appellant for the fees of his appointed counsel at trial and appeal was error. Because it was premature to assess a time-payment fee, we modify the bill of cost and the "Order To Withdraw Funds Held Under Texas Government Code § 501.014" to delete the time-payment fee.

## II. The trial court erred by requiring Appellant to reimburse the attorney's fees of his appointed trial and appellate counsel.

In his first issue, Appellant contends that the trial court's determination that Appellant had the means to reimburse the fees of appointed counsel is not supported

by the record. The State agrees with Appellant. We conclude that the trial court erred by entering the orders requiring reimbursement.

After Appellant filed an "Affidavit of Indigency and Application for Court[-]Appointed Lawyer," showing a monthly income of $800 and monthly expenses of $700, the trial court denied his request for appointed counsel. Appellant filed another "Affidavit of Indigency and Application for Court[-]Appointed Lawyer," showing monthly income of $1,200 and expenses of $1,480. The trial court then signed an order appointing Douglas Emerson as counsel; the order contained the following provision:

___✓___ APPOINTMENT WITH REIMBURSEMENT

The defendant is entitled to the appointment of counsel because _____ defendant is indigent;____✓ **it is in the interests of justice.** Defendant presently has financial resources and/or an ability to pay all or part of the cost of legal services and related expenses to be provided. The defendant is appointed counsel in this matter; however defendant shall contribute to the cost of the legal services and related expenses.

After the jury's verdicts and after the trial court's oral pronouncement of sentence, Appellant's trial counsel sought to withdraw, and the following discussion occurred:

> [THE COURT:] And, Mr. Emerson, have you advised your client of his right to appeal in this matter?
>
> MR. EMERSON: Not yet. I need to have that discussion with him. Take a few minutes.
>
> THE COURT: All right. Well, do you want to ask him right here if he wishes to appeal? I mean --
>
> MR. EMERSON: Can I step over here and just --

THE COURT: Of course.

(Brief recess.)

MR. EMERSON: Yes, Your Honor. He does wish to appeal this case.

THE COURT: Okay. And, Mr. Emerson, are you asking the Court to allow you to withdraw as counsel?

MR. EMERSON: Yes, Your Honor. I think it would be more appropriate for an appellate attorney to handle that case, and I would ask the [c]ourt grant me permission to withdraw as his attorney of record.

THE COURT: The [c]ourt is going to grant that request.

[Appellant], you remain indigent; am I correct?

[APPELLANT]: (Nodding.)

THE COURT: You don't have the money to hire an attorney?

[APPELLANT]: No, sir.

THE COURT: The Court will appoint appellate counsel for you.

The trial court's order appointing appellate counsel contained the same provision as the order appointing trial counsel:[1]

---

[1]Appellant acknowledges that the trial court has not assessed a specific fee award against him but argues that this matter is still ripe for our consideration. We agree. *See Jones v. State*, 428 S.W.3d 163, 172 n.2 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (disagreeing with the State's contention that the issue was not ripe for consideration because no specific dollar amount of attorney's fees had been assessed against appellant and holding that the issue was ripe for consideration because the trial court had determined in its written judgment that appellant was responsible for attorney's fees and had ordered appellant to pay attorney's fees).

4

____✓___ APPOINTMENT WITH REIMBURSEMENT
The defendant is entitled to the appointment of counsel because _____ defendant is indigent; ____✓
**it is in the interests of justice.** Defendant presently has financial resources and/or an ability to pay all or part of the cost of legal services and related expenses to be provided. The defendant is appointed counsel in this matter; however defendant shall contribute to the cost of the legal services and related expenses.

The Texas Court of Criminal Appeals has set out as follows the statutory provisions governing reimbursement of appointed counsel's fees, the standard of proof required to impose a reimbursement obligation, and the presumption that a person once determined to be indigent remains indigent:

> Code of Criminal Procedure Article 26.05(g) allows the trial court to order a defendant to re-pay costs of court-appointed legal counsel that the court finds the defendant is able to pay. In *Mayer*[ *v. State*], we stated that under Article 26.05(g), "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." 309 S.W.3d [552,] 556 [(Tex. Crim. App. 2010)]. However, a "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. [Ann.] art. 26.04(p).

*Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013).[2]

As the State notes, the trial court never explicitly found Appellant to be indigent.[3] But the State acknowledges that whether the trial court found Appellant to

---

[2]Appellant raises the issue of reimbursement for the first time on appeal. The Court of Criminal Appels has held that no trial objection is necessary to preserve an issue challenging the sufficiency of the evidence supporting an order requiring reimbursement of appointed counsel's fees. *See Mayer*, 309 S.W.3d at 556. In a recent opinion, the Court of Criminal Appeals questioned part of the rationale of *Mayer* but did not overrule it. *See Garcia v. State*, No. PD-0025-21, 2022 WL 610983, at *3 (Tex. Crim. App. Mar. 2, 2022). Thus, the failure to object to the reimbursement was not a procedural default of Appellant's claim of error.

5

be indigent is of no moment because the record lacks the necessary evidence to establish that Appellant had the ability to pay attorney's fees. We agree that the pivotal issue is proof of the ability to pay, and without that proof, the trial court erred by imposing a reimbursement obligation. As the Amarillo Court of Appeals has noted,

> In order to assess attorney's fees against a defendant following conviction, a trial court must determine that the defendant has sufficient financial resources that enable him to offset in whole or in part the costs of legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) . . . . The trial court's findings in this case fall short of that requirement because a finding that one "does not meet the indigency standards of this Court" is not the same as a finding that one has the present ability to pay, in whole or in part, the sum assessed. Furthermore, because there is no evidence of record demonstrating that [a]ppellant's present financial resources were sufficient to meet that standard, the trial court erred [by] ordering the repayment of those fees. *See Mayer* . . . , 309 S.W.3d [at] 556–57 . . . (trial court judgment modified to delete unauthorized attorney's fees and affirmed as modified).

*Jackson v. State*, 562 S.W.3d 717, 723 (Tex. App.—Amarillo 2018, no pet.) (footnote omitted). Here, the proof is also lacking that Appellant had the financial resources to

---

[3]The State's brief highlights the following:

Although the reporter's record reflects that the trial court asked Appellant if he remained indigent, nothing in the record reflects that the trial court ever actually found Appellant indigent. Such a finding may be implied by the fact that the trial court stated that the court would appoint appellate counsel immediately after Appellant stated that he did not have the money to hire an attorney, but no actual finding appears in the record[,] and the court's written order indicates that the appointment was in the interest[] of justice, not based on indigence. [Record references omitted.]

6

meet the required standard—ability to pay; thus, the imposition of the reimbursement obligation was in error.

### III. The trial court erred by prematurely imposing a time-payment fee.

In his second point, Appellant also raises error in the trial court's assessment of a $15.00 time-payment fee that was levied in the bill of cost and was included in the order to withdraw funds. *See* Tex. Code Crim. Proc. Ann. art. 102.030(a).[4] The State concedes that the assessment of the fee was premature, and we agree.[5]

We recently explained as follows that it is premature to impose a time-payment fee when an appeal has been perfected:

---

[4]The relevant text of Article 102.030 provides,

(a) A person convicted of an offense shall pay a reimbursement fee of $15 if the person:

    (1) has been convicted of a felony or misdemeanor; and

    (2) pays any part of a fine, court costs, or restitution, or another reimbursement fee, on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, restitution, or other reimbursement fee.

Tex. Code Crim. Proc. Ann. art. 102.030(a).

[5]Appellant raises the assessment of the time-payment fee for the first time on appeal. We conclude that he did not have an obligation to raise the issue in the trial court. *See Jackson v. State*, Nos. 10-17-00333-CR, 10-17-00334-CR, 2021 WL 4898726, at *1 n.2 (Tex. App.—Waco Oct. 20, 2021, no pet.) (mem. op., not designated for publication) ("A defendant may raise an objection to the assessment of court costs for the first time on appeal when the costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs, as in this case." (citing *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016))).

The Court of Criminal Appeals recently held that [the time-payment fee] statute "was designed to be triggered by the finality of the judgment" and that "[t]he pendency of an appeal stops the clock for purposes of the time[-]payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). In other words, imposition of the time-payment fee against Garza is premature because Garza's timely notice of appeal tolled the time for him to pay the $289 fine re-imposed in the judgment adjudicating his guilt. *See Turner v. State*, No. 05-19-01493-CR, 2021 WL 3083501, at *2 (Tex. App.—Dallas July 21, 2021, no pet.) (mem. op. on remand, not designated for publication) (concluding same when costs imposed in both initial deferred order and judgment adjudicating guilt).

Consequently, the assessment of the time-payment fee against Garza is premature and should be deleted without prejudice to future assessment if, more than thirty days after mandate issues, Garza has failed to fully pay any fine, court cost, or restitution imposed. *See Dulin*, 620 S.W.3d at 133; *Larson v. State*, Nos. 02-19-00366-CR, 02-19-00367-CR, 2021 WL 2460733, at *2 (Tex. App.—Fort Worth June 17, 2021, no pet.) (mem. op., not designated for publication).

*Garza v. State*, No. 02-20-00155-CR, 2022 WL 488933, at *3–4 (Tex. App.—Fort Worth, Feb. 17, 2022, no pet. h.) (mem. op., not designated for publication). Though *Garza* dealt with the predecessor statute to Article 102.030, its language remains substantially unchanged from the newer provision at play in Appellant's case.[6] Thus, the trial court erred by prematurely assessing a time-payment fee.

---

[6]As *Garza* noted,

Former Local Government Code Section 133.103 provided that

> a person convicted of an offense shall pay . . . a fee of $25 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.

## IV. Conclusion

We sustain Appellant's first point and hold that the trial court erred by requiring Appellant to reimburse the attorney's fees of appointed counsel in its orders appointing trial and appellate counsel. We sustain Appellant's second point and modify the trial court's bill of cost and the order to withdraw funds to delete the time-payment fee of $15 because it was prematurely imposed, but we make our ruling without prejudice to future assessment if, more than thirty days after mandate issues, Appellant has failed to fully pay any fine, court cost, or restitution imposed. We affirm the unchallenged judgment and affirm as modified the challenged trial court's orders.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 7, 2022

---

Act of June 2, 2003, 78th Leg., R.S., ch. 209, 2003 Tex. Gen. Laws 979, 996–97, redesignated as Tex. Code Crim. Proc. Ann. art. 102.030. The redesignated section was effective on January 1, 2020, and applies only to convictions with offense dates on or after that date. *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346.

2022 WL 488933, at *3 n.3.