**Opinion filed September 19, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00146-CR

_____

## NOAH JOB COPPLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause No. 12719**

## M E M O R A N D U M   O P I N I O N

Appellant, Noah Job Coppler, entered an open plea of guilty to the offense of possession of a controlled substance—less than one gram of methamphetamine. The trial court found Appellant guilty and, after a hearing on punishment, assessed Appellant's punishment at confinement for eighteen months in a state jail facility, suspended the imposition of the sentence, and placed Appellant on community supervision for four years. We modify the trial court's judgment and affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We note, however, that the judgment contains a nonreversible error. In the judgment, the trial court ordered Appellant to pay court costs, including a Time Payment Fee of $25 pursuant to Section 133.103 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 133.103 (West Supp. 2018). We recently held that subsections (b) and (d) of that section are facially unconstitutional because the collected fees are allocated to general revenue and are not sufficiently related to the criminal justice system. *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1, *5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication). Accordingly, the trial court erred when it assessed a

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Time Payment Fee under Section 133.103, subsections (b) and (d) of the Texas Local Government Code as a court cost. *See id.*

When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We, therefore, modify the trial court's judgment to delete $22.50 of the Time Payment Fee assessed as court costs, leaving a Time Payment Fee of $2.50. *See King*, 2019 WL 3023513, at *5–6.

We grant counsel's motion to withdraw; modify the judgment of the trial court as set forth above; and, as modified, affirm the judgment of the trial court.

PER CURIAM

September 19, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.