**Opinion filed April 9, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00255-CR
_____

### DARRELL JAN PORTER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-18-1229-CR**

## MEMORANDUM OPINION

Appellant, Darrell Jan Porter, waived his right to a jury and entered an open plea of guilty to the third-degree felony offense of assault family violence. Appellant also pleaded true to an enhancement allegation. The trial court found Appellant guilty, found the enhancement allegation to be true, and assessed Appellant's punishment at confinement for fifteen years. We modify the trial court's judgment and affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We note, however, that the judgment contains a nonreversible error. In the judgment, the trial court ordered Appellant to pay court costs, including a Time Payment Fee of $25 pursuant to former Section 133.103 of the Texas Local Government Code. *See* former TEX. LOC. GOV'T CODE ANN. § 133.103 (2004).[2] We held that subsections (b) and (d) of that section were facially unconstitutional

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

[2]We note that the legislature has recently repealed subsections (b) and (d) of Section 133.103; transferred Section 133.103 from the Local Government Code to Chapter 102 of the Texas Code of Criminal Procedure; redesignated Section 133.103 as Article 102.030; and amended the language of the statute to delete the provisions that were previously held to be unconstitutional. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 4.40(33), 5.01, 5.04, 2019 Tex. Gen. Laws ____ (codified at TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2019)) (effective January 1, 2020). The legislature provided that the above changes "apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act." *Id.* § 5.01. The record in this cause reflects that the date of the offense was April 13, 2018. Therefore, the former statute, rather than the recent revisions, apply to this case.

because the collected fees were to be allocated to general revenue and were not sufficiently related to the criminal justice system. *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1, *5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication). Accordingly, the trial court erred when it assessed a Time Payment Fee under former Section 133.103, subsections (b) and (d) of the Texas Local Government Code as a court cost. *See id.*

When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We, therefore, modify the trial court's judgment to delete $22.50 of the Time Payment Fee assessed as court costs, leaving a Time Payment Fee of $2.50. *See King*, 2019 WL 3023513, at *5–6.

We grant counsel's motion to withdraw; modify the judgment of the trial court as set forth above; and, as modified, affirm the judgment of the trial court.

PER CURIAM

April 9, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.