**Opinion filed December 31, 2020**



## In The

# Eleventh Court of Appeals

_____

### No. 11-19-00415-CR

_____

## ZACHARY DEWAYNE MCDONALD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause No. 12996**

### M E M O R A N D U M   O P I N I O N

Based upon an open plea of guilty, the trial court convicted Appellant, Zachary Dewayne McDonald, of the offense of possession of four grams or more but less than 200 grams of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West Supp. 2020), § 481.112(d) (West

2017). After a hearing on punishment, the trial court assessed punishment of ninety years' imprisonment. We modify and affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains nonreversible errors. The trial court ordered Appellant to pay court costs that included a time payment fee of $25 pursuant to former Section 133.103 of the Texas Local Government Code. *See*

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

former TEX. LOC. GOV'T CODE ANN. § 133.103 (West 2004).[2] We held that subsections (b) and (d) of that section were facially unconstitutional because the collected fees were to be allocated to general revenue and were not sufficiently related to the criminal justice system. *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1, *5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication). Accordingly, the trial court erred when it assessed a time payment fee under former Section 133.103, subsections (b) and (d) of the Texas Local Government Code as a court cost. *See id.*

When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We therefore modify the trial court's judgment to delete $22.50 of the time payment fee assessed as court costs, leaving a time payment fee of $2.50. *See King*, 2019 WL 3023513, at *5–6.

Further, the judgment incorrectly reflects that Appellant pleaded true to two alleged enhancements and that the trial court found two alleged enhancements to be true. The record reflects that, as part of the plea proceedings, the State abandoned the two enhancement paragraphs in the indictment. Appellant did not enter a plea to either of the abandoned enhancement paragraphs, and the trial court did not make a

[2]We note that the legislature has recently repealed subsections (b) and (d) of Section 133.103, transferred Section 133.103 from the Local Government Code to Chapter 102 of the Texas Code of Criminal Procedure, redesignated Section 133.103 as Article 102.030, and amended the language of the statute to delete the provisions that were previously held to be unconstitutional. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 4.40(33), 5.01, 5.04, 2019 Tex. Gen. Laws \_\_\_\_ (codified at TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020)) (effective January 1, 2020). The legislature provided that the above changes "apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act." *Id.* § 5.01. The record in this cause reflects that the offense occurred prior to January 1, 2020. Therefore, the former statute, rather than the recent revisions, applies to this case.

finding as to either of the abandoned enhancement paragraphs. An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We, therefore, modify the judgment of the trial court to reflect that the first and second enhancement paragraphs, and the pleas to those enhancement paragraphs, are "Not Applicable."

We grant counsel's motion to withdraw; modify the judgment of the trial court to delete $22.50 of the time payment fee and to reflect that the two enhancement paragraphs and the pleas to the two enhancement paragraphs are "Not Applicable"; and, as modified, affirm the judgment of the trial court.

PER CURIAM

December 31, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[3]

Willson, J., not participating

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.