# NO. 12-22-00120-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUPHERT EARL WARFIELD,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ruphert Earl Warfield appeals from his conviction for six offenses. In one issue, Appellant challenges the time payment fee included in the court costs the trial court assessed against him. We modify the trial court's judgment and the bill of costs to remove the time payment fee, and affirm the judgment as modified.

## BACKGROUND

On January 28, 2022, Appellant entered an open plea of guilty to six offenses: (1) aggravated kidnapping with a deadly weapon, (2) a second count for aggravated kidnapping with a deadly weapon, (3) aggravated sexual assault of a child, (4) aggravated assault with a deadly weapon, (5) driving while intoxicated with a child under fifteen, and (6) a second count for driving while intoxicated with a child under fifteen.

The trial court found Appellant "guilty," and following a May 10 hearing on sentencing, assessed punishment of sixty years of imprisonment on counts (1) and (2), eighty years of imprisonment for count (3), twenty years of imprisonment for count (4), and two years of imprisonment for counts (5) and (6), with the sentences to run concurrently. The trial court also ordered Appellant to pay $455.00 in court costs. Neither the trial court's judgment nor the bill of costs available at the time were itemized. This appeal followed.

1

The Anderson County District Clerk's itemized bill of costs was certified on December 12, 2022, several months after sentencing, and included a $15.00 time payment fee as part of the $455.00 in total court costs.

ASSESSMENT OF TIME PAYMENT FEE

In his sole issue, Appellant contends that the trial court prematurely assessed the time payment fee against him in its judgment. The State concedes the issue.

**Standard of Review and Applicable Law**

On appeal, courts review the assessment of court costs to determine whether a basis exists for the cost, rather than whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (court costs are not part of a sentence, but "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case"). Court costs may not be assessed against a criminal defendant for which a cost is not expressly provided by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2021). When a trial court improperly includes amounts in assessed court costs, the proper appellate remedy is to reform the judgment to delete the improper fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

The Texas Code of Criminal Procedure requires that a person convicted of a felony or misdemeanor pay a reimbursement fee of $15.00 if the person fails to pay any part of a fine, court costs, or restitution within 30 days after the court enters the judgment ordering such payment. TEX. CODE CRIM. PROC. ANN. art. 102.030 (West 2021). However, in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), the Texas Court of Criminal Appeals found that a pending appeal suspends a defendant's duty to pay fines, court costs, and restitution, which duty is triggered only by a final judgment. *Dulin*, 620 S.W.3d at 133. Thus, the pendency of an appeal "stops the clock" for the purposes of the time payment fee. *Id*. A trial court's assessment of a time payment fee before the appellate mandate issues therefore lacks any basis and is premature. *See id.*; *Pruitt v. State*, 646 S.W.3d 879, 886 (Tex. App.—Amarillo 2022, no pet.).

**Analysis**

Appellant's timely notice of this appeal suspended his duty to pay the court costs imposed in the judgment adjudicating his guilt and stopped the figurative clock on the thirty-day

2

payment period which would trigger the time payment fee. *Dulin*, 620 S.W.3d at 133. These appellate proceedings are still pending, and no court of appeals has issued a mandate. Additionally, Appellant and the State concur that the trial court's assessment of the time payment fee was premature.

This Court has the authority to modify incorrect judgments when it has available the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because the imposition of the time payment fee is premature until thirty days after the resolution of an appeal, the time payment fee assessed herein must be struck. We sustain Appellant's sole issue.

<u>CONCLUSION</u>

Having sustained Appellant's only issue, we *modify* both the bill of costs and the trial court's judgment to remove the time payment fee. Our ruling is without prejudice to future assessment of the time payment fee if, more than thirty days after our mandate issues, Appellant fails to completely pay any fine, court costs, or restitution he owes. As modified, we *affirm* the trial court's judgment.

<u>JAMES T. WORTHEN</u>
Chief Justice

Opinion delivered March 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2023**

**NO. 12-22-00120-CR**

**RUPHERT EARL WARFIELD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-21-34965)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the bill of costs and the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the bill of costs and the judgment of the court below be **modified** to remove the time payment fee; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4