

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00214-CR

_____

JAY ALLEN JONES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR21-0316

---

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

A jury convicted Appellant Jay Allen Jones of possession of more than one gram but less than four grams of a controlled substance. Jones has appealed from his conviction, arguing in three points that the trial court erred (1) by ordering him to reimburse the cost of his appointed trial counsel; (2) by prematurely assessing a "Time Payment Fee"; and (3) by denying his motion to retest the controlled substance. We hold that the trial court erred by imposing a reimbursement obligation on Jones and by prematurely assessing the time-payment fee. But we hold that the trial court did not abuse its discretion by denying Jones's motion to retest. We will thus affirm the trial court's judgment and affirm as modified the challenged trial-court orders.

**I. Background**

The State charged Jones by indictment with possession of more than one gram but less than four grams of a controlled substance—namely, cocaine—a third-degree felony enhanced by two previous final felony convictions. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a), (c); Tex. Penal Code Ann. § 12.42(d). Jones filed an affidavit of indigency, and the trial court appointed him counsel but ordered him to contribute to the cost of legal services and related expenses. Jones moved for the authorization to expend funds for a private investigator and for the appointment of an independent expert to retest the substance contained in baggies found on Jones's person during a consensual search. The trial court authorized Jones's counsel

to spend up to $500 "for investigation in this cause," but it denied Jones's pretrial request for the appointment of an independent expert.

At trial, a jury heard evidence that Weatherford Police Department Patrol Officer Preston Harper stopped Jones for driving a vehicle with an illegible temporary license plate. Officer Harper then asked Jones to step out of the vehicle. Once Jones was out of the vehicle, Officer Harper asked if he could search Jones's person; Jones consented. Officer Harper searched Jones and found three baggies—two in one of the front pockets of Jones's pants and the third in Jones's jacket pocket—containing what Officer Harper suspected to be a controlled substance.

Officer Harper called for assistance, and one of the responding officers tested the substance in the baggies at the scene using a presumptive field test. The substance tested positive for methamphetamine. The substance was then sent to the Texas Department of Public Safety Crime Laboratory in Abilene, where it was tested by a forensic scientist. The substance then tested positive for cocaine.[1]

A jury found Jones guilty of possession of a controlled substance (cocaine) as charged in the indictment. Jones pleaded true to the indictment's two enhancement paragraphs, the trial court found them to be true, and the jury assessed Jones's punishment at 25 years in prison. The trial court sentenced Jones accordingly.

---

[1]Methamphetamine was also identified, along with cocaine, in one of the baggies.

Jones has appealed and raises the three points set out above. We address each of them in turn.

## II. Reimbursement for Appointed Counsel

Jones complains in his first point that the trial court erred by assessing court-appointed attorney's fees against him because the trial court's determination that he had the means to reimburse his appointed trial counsel's fees is unsupported by the record.[2] The State agrees, as do we, that the trial court erred by ordering reimbursement.

Jones filed with the trial court an "Affidavit of Indigency and Application for Court[-]Appointed Lawyer." This affidavit showed that Jones had no income or assets, received no public assistance, and had no monthly expenses. The trial court signed an order on May 5, 2021, appointing Tiffany N. Fowler as Jones's trial counsel. After Fowler withdrew as Jones's counsel, the trial court signed an order on August 19, 2021, appointing Andrew Herreth as Jones's trial counsel. Both orders contained the following provision:

---

[2]Jones raises this complaint for the first time on appeal. A trial objection is not necessary to preserve a point challenging the sufficiency of the evidence supporting an order requiring reimbursement of appointed counsel's fees. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Although the Court of Criminal Appeals has questioned part of *Mayer*'s rationale, the court has not overruled it. *See Garcia v. State*, No. PD-0025-21, 2022 WL 610983, at *3 (Tex. Crim. App. Mar. 2, 2022). Therefore, Jones was not required to raise this complaint in the trial court to preserve it for our review. *See Mayer*, 309 S.W.3d at 556; *Guevara v. State*, No. 02-21-00069-CR, 2022 WL 1042919, at *2 n.2 (Tex. App.—Fort Worth Apr. 7, 2022, no pet.) (mem. op., not designated for publication).

✓ APPOINTMENT WITH REIMBURSEMENT
The defendant is entitled to the appointment of counsel because _____ defendant is indigent; ✓ **it is in the interests of justice.** Defendant presently has financial resources and/or an ability to pay all or part of the cost of legal services and related expenses to be provided. The defendant is appointed counsel in this matter; however[,] defendant shall contribute to the cost of the legal services and related expenses.

Jones later moved for the appointment of a second attorney. The trial court granted the motion and appointed Diondra Linquist to assist in Jones's defense at trial.[3]

After the jury's verdicts and after the trial court's oral pronouncement of sentence, the following discussions occurred:

> THE COURT: And, Mr. Herreth, you acknowledge your receipt of Mr. Jones'[s] right to appeal?
>
> MR. HERRETH: Yes, Judge.
>
> THE COURT: And does Mr. Jones wish to appeal?
>
> MR. HERRETH: He does.
>
> THE COURT: And Mr. -- his indigent status would remain the same, Mr. Herreth?
>
> MR. HERRETH: It is unchanged, Your Honor.
>
> THE COURT: All right. And, at this time, are you asking the Court for permission for yourself and Ms. Lindquist to withdraw as counsel?

---

[3]Jones acknowledges that the trial court has not assessed a specific fee award against him but argues that the matter is still ripe for our consideration. We agree. *See, e.g., Guevara*, 2022 WL 1042919, at *2 n.1 (citing *Jones v. State*, 428 S.W.3d 163, 172 n.2 (Tex. App.—Houston [1st Dist.] 2014, no pet.)).

MR. HERRETH: Yes, Judge.

THE COURT: And the Court is going to grant that.

Mr. Jones, the Court will appoint appellate counsel for you.

Unlike the trial court's orders appointing Jones trial counsel, the trial court's

orders appointing him appellate counsel[4] did not order reimbursement:

> ✓ APPOINTMENT WITHOUT REIMBURSEMENT
> The defendant is entitled to counsel because _____ defendant is
> indigent; ✓ it is in the interests of justice. Defendant presently has no
> financial resources to pay or contribute to the cost of legal services and
> related expenses. The defendant is appointed counsel in this matter.

Counsel appointed to represent a defendant in a criminal proceeding must be

paid a reasonable attorney's fee for performing certain services. *See* Tex. Code Crim.

Proc. Ann. art. 26.05(a). Article 26.05(g) provides that

> [i]f the judge determines that a defendant has financial resources that
> enable the defendant to offset in part or in whole the costs of the legal
> services provided to the defendant in accordance with Article 1.051(c) or
> (d), including any expenses and costs, the judge shall order the defendant
> to pay during the pendency of the charges or, if convicted, as a
> reimbursement fee the amount that the judge finds the defendant is able
> to pay.

*Id.* art. 26.05(g). Article 26.05(g) "allows the trial court to order a defendant to re-pay

costs of court-appointed legal counsel that the court finds the defendant is able to

pay." *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). But "the defendant's

---

[4]Elizabeth Cortright was originally appointed as Jones's appellate counsel, but she passed away during the pendency of the appeal. The trial court discharged Cortright as Jones's appellate counsel and appointed Herreth in her place.

financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" under Article 26.05(g). *Mayer*, 309 S.W.3d at 556.

As the State points out, although the trial court considered Jones to be indigent, it never explicitly found him to be indigent.[5] The State acknowledges, however, that whether the trial court found Jones to be indigent is of no moment because the record lacks the necessary evidence to establish that Jones could pay attorney's fees. "We agree that the pivotal issue is proof of the ability to pay, and without that proof, the trial court erred by imposing a reimbursement obligation." *Guevara*, 2022 WL 1042919, at *3; *see Jackson v. State*, 562 S.W.3d 717, 723 (Tex. App.—Amarillo 2018, no pet.). Here, there is no evidence that Jones had the financial resources to meet the required ability-to-pay standard. The trial court thus erred by

---

[5]As the State explains,

> Although the reporter's record reflects that the trial court asked Jones'[s] trial counsel if Jones'[s] "indigent status would remain the same," nothing in the record reflects that the trial court actually found Jones indigent prior to the appointment of appellate counsel. In fact, each "Appointment of Counsel" document indicates that the appointments were "in the interest of justice," not due to indigence, and the documents reflecting appointment of trial counsel indicate that the trial court found Jones had the ability to pay. . . . Moreover, the record demonstrates that the trial court considered Jones to be indigent, because the court provided funds to Jones to hire an investigator and found, in the . . . [order] appointing appellate counsel, that Jones had "no financial resources to pay or contribute to the cost of legal services." [Record citations omitted.]

7

imposing the reimbursement obligation in the orders appointing trial counsel for Jones. *See Jackson*, 562 S.W.3d at 723; *see also Guevara*, 2022 WL 1042919, at *3. We sustain Jones's first point.

### III. Time-Payment Fee

In his second point, Jones asserts that the trial court prematurely assessed a "Time Payment Fee" in the amount of $15. *See* Tex. Code Crim. Proc. Ann. art. 102.030(a). The State agrees—and so do we—that this fee was prematurely assessed against Jones and should be struck.[6]

"By statute, a person convicted of a felony must pay a $15 fee if he 'pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.'" *Furstonberg v. State*, Nos. 02-21-00078-CR, 02-21-00079-CR, 02-21-00080-CR, 2022 WL 5240473, at *5 (Tex. App.—Fort Worth Oct. 6, 2022, pet. ref'd) (mem. op., not designated for publication) (quoting *Prescott v. State*, No. 02-17-00158-CR, 2019 WL 2635559, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication)). The Court of Criminal Appeals has further concluded that a trial court's

---

[6]Jones challenges the assessment of the time-payment fee for the first time on appeal. He was not required to raise the complaint in the trial court to raise it on appeal. *See Guevara*, 2022 WL 1042919, at *3 n.5 (citing *Jackson v. State*, Nos. 10-17-00333-CR, 10-17-00334-CR, 2021 WL 4898726, at *1 n.2 (Tex. App.—Waco Oct. 20, 2021, no pet.) (mem. op. on remand, not designated for publication)).

assessment of the time-payment fee while an appeal is pending is premature. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

Here, the trial court included the time-payment fee in its bill of cost and ordered that it "is not applicable and shall be removed if the fine and court costs are paid in full prior to the 31st day after the date of Judgment." But this is "before the condition triggering the assessment of the [fee]—late payment—could have occurred." *Furstonberg*, 2022 WL 5240473, at *5 (quoting *Prescott*, 2019 WL 2635559, at *5). The $15 time-payment fee should therefore be entirely struck without prejudice to its being assessed later if, more than thirty days after the appellate mandate issues, Jones has failed to completely pay any of the court costs that he owes. *See id.*; *Webster v. State*, No. 07-20-00248-CR, 2021 WL 1899359, at *5 (Tex. App.—Amarillo May 11, 2021, no pet.) (mem. op., not designated for publication) (applying *Dulin* to modify judgment to delete time-payment fee assessed in a community-supervision revocation case); *see also Guevara*, 2022 WL 1042919, at *4. We sustain Jones's second point.

### IV. Jones's Motion for Retesting

Jones's third point challenges the trial court's order denying his motion to retest the cocaine. Jones argues that the trial court reversibly erred by denying his motion because (1) an indigent person accused of a crime is entitled to funding to retest and re-examine evidence when a legitimate need is demonstrated, as it was here, and (2) he was entitled to present his motion ex parte. We address each of these arguments in turn.

9

Before Fowler withdrew as Jones's counsel, she filed a "Motion to Inspect, Examine[,] and Independently Test Physical Evidence," which asked the trial court (1) to order the State to produce "[t]he alleged controlled substance in this case"; "[a]ny field test kit used"; the baggies in which the controlled substance was found; and "[a]ny print outs, spectrums, chromatographs, analyses, lab notes, reports[,] or other documentation regarding the State's testing" and (2) because Jones was indigent, to appoint "an expert in drug analysis to make an independent examination and to testify as to the results of his examination of the physical evidence described above."

After Herreth was appointed as Jones's counsel, he set the motion for hearing. At the end of a short non-evidentiary hearing, the trial court took the matter under advisement. A few days later, the trial court signed its "Order Denying Motion for Retesting."

We review the trial court's denial of Jones's motion for an abuse of discretion. *See Ehrke v. State*, 459 S.W.3d 606, 610 (Tex. Crim. App. 2015). Because "[t]he right to pay for an independent chemist to analyze the controlled substance in a controlled-substance case is absolute," *id.* at 614, a "trial court is required to permit a defendant in a controlled-substance case to have an independent expert analyze the controlled substance," *id.* at 610. But "while a defendant has an absolute right to inspect the alleged controlled substance, a defendant does not have an absolute right to a state-appointed expert." *Id.* at 615. In other words, "the [S]tate does not need to 'purchase for the indigent defendant all the assistance that his wealthier counterpart might buy.'"

*Id.* (quoting *Ake v. Oklahoma*, 470 U.S. 68, 77, 105 S. Ct. 1087, 1093 (1984)). "Creating an absolute right for the defendant to state-funded independent chemical analysis in all controlled-substance cases would unduly burden the [S]tate—there must be some preliminary showing of a significant issue of fact to require the court to appoint an expert." *Id.* at 617. Thus, "the trial court is not required to appoint such an expert for an indigent defendant, absent a preliminary showing of a significant issue of fact." *Id.* at 610. Here, we examine whether Jones met his "burden . . . to provide concrete reasons for why the expert should be appointed." *Id.* at 615.

Jones argues on appeal that he made the necessary showing of a significant issue of fact because he had argued to the trial court that "the allegedly[ ]illegal substance was field tested to be one thing" but "lab tested to be another thing." Jones's written motion provided no reason why the substance should be retested or why the trial court should appoint an independent expert. At the hearing on the motion, the following exchange occurred,

> [THE COURT:] And we're here on a motion to retest --
>
> MR. HERRETH: Yes.
>
> THE COURT: -- or more testing, Mr. Herreth?
>
> MR. HERRETH: For a retest, Judge.
>
> So Ms. Fowler, who was previously representing Mr. Jones, filed a motion for retesting. I'm just reurging the motion that she already did. I'll rely on her motion and the arguments in it before the Court.

But the particularized need I think in this case when Mr. Jones was stopped and arrested, the field test tested positive for one substance. It was shipped off to the lab, and they analyzed it, and a result came back as another substance. So I think we're talking, like, cocaine and methamphetamine or something like that, right?

So just because the differences in the facts of the case from the field test to the lab analysis, we think there's a particularlized [sic] need for the substance to be retested.

THE COURT: Ms. Pruett, State have anything they want to say?

MS. PRUETT: We do not. We do not, Your Honor.

Only after "the defendant makes a sufficient threshold showing of the need for expert assistance on a particular issue" is the defendant entitled to expert assistance. *Ex parte Jimenez*, 364 S.W.3d 866, 877 (Tex. Crim. App. 2012). This showing must be more than "undeveloped assertions that the requested assistance would be beneficial." *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1, 105 S. Ct. 2633, 2637 n.1 (1985). In cases holding that a sufficient showing for a court-appointed expert was not made,

> the defendant typically has failed to support his motion with affidavits or other evidence in support of his defensive theory, an explanation as to what his defensive theory was and why expert assistance would be helpful in establishing that theory, or a showing that there was a reason to question the State's expert and proof.

*Ehrke*, 459 S.W.3d at 615 (quoting *Rey v. State*, 897 S.W.2d 333, 341 (Tex. Crim. App. 1995)).

Here, Jones stated that the field test and the lab analysis yielded different positive test results. But he presented no evidence at the hearing that the two tests had

in fact yielded different results,[7] and he presented no argument or evidence that the lab analysis had been improperly performed or that the lab-analysis test results were not accurate. Nor did he explain how an expert was needed to prepare his defense. He thus failed to make a preliminary showing of a significant fact issue because he provided no concrete reasoning for why he needed an independent expert to retest the substance to verify that it was, in fact, cocaine.[8] *Cf. Ehrke*, 459 S.W.3d at 615–17; *Hayes v. State*, No. 06-15-00164-CR, 2016 WL 6504015, at \*2–3 (Tex. App.—Texarkana Nov. 3, 2016, pet. ref'd) (mem. op., not designated for publication). On this record, we cannot say that the trial court abused its discretion by denying Jones's motion. *Cf. Ehrke*, 459 S.W.3d at 615–17; *Hayes*, 2016 WL 6504015, at \*2–3.

Jones also argues that the trial court committed reversible error by not conducting an ex parte hearing on his motion and by allowing the State to be present at the hearing and to comment on the "matter of indigent funding" by "explicitly asking for a counter argument." Upon proper request, an indigent defendant is entitled to make his motion for a court-appointed expert ex parte. *Williams v. State*, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997). Here, as the State points out, Jones

[7]Not until trial was evidence presented that the results of the field test and the lab test differed.

[8]Based on Jones's motion, his argument at the hearing, and his argument on appeal, we fail to see how retesting by an independent expert would have helped him. He doesn't dispute that the substance in the baggies was either cocaine or methamphetamine, both of which are penalty-group-1 controlled substances. *See* Tex. Health & Safety Code Ann. § 481.102(3)(D), (6).

13

"made no request to proceed *ex parte* concerning his request" for a court-appointed expert. *Busby v. State*, 990 S.W.2d 263, 270 (Tex. Crim. App. 1999). Nor did he make any objection or otherwise bring the issue to the trial court's attention during the hearing on the motion.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Because Jones made no request to proceed ex parte on his motion, he failed to preserve this complaint for our review. *See* Tex. R. App. P. 33.1(a)(1); *Busby*, 990 S.W.2d at 270.

Accordingly, we overrule Jones's third point.

## V. Conclusion

Having sustained Jones's first point, we modify the trial court's orders appointing trial counsel to remove the attorney's-fees-reimbursement obligation. Having sustained Jones's second point, we modify the trial court's "Bill of Cost" and "Order to Withdraw Funds Held Under Texas Government Code § 501.014" to delete the $15 time-payment fee because it was prematurely imposed, but we make our ruling without prejudice to future assessment if, more than thirty days after the appellate mandate issues, Jones has failed to fully pay any fine, court cost, or restitution imposed. Because we have overruled Jones's third point, we affirm the trial court's judgment and affirm as modified the challenged trial-court orders.

14

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 20, 2023