# NO. 12-23-00003-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KRISTEN L. BECHTEL,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 349TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kristen L. Bechtel appeals from her conviction for possession of substance in penalty group I. In one issue, Appellant challenges the time payment fee included in the court costs the trial court assessed against her. We modify the trial court's judgment and the bill of costs to remove the time payment fee, and affirm the judgment as modified.

### BACKGROUND

On December 9, 2021, Appellant pleaded "guilty" to the offense of possession of substance in penalty group I, less than one gram. The court deferred a finding of guilt and placed Appellant on community supervision for a period of five years. On February 22, 2022, the State moved to proceed with adjudication of guilt and sentencing. On November 30, the trial court adjudicated Appellant "guilty" and assessed punishment of two years' imprisonment. The trial court also ordered Appellant to pay $410.00 in court costs. Neither the trial court's judgment nor the then-available bill of costs were itemized. This appeal followed.

The Anderson County District Clerk's itemized bill of costs was certified on March 24, 2023, several months after sentencing, and included a $15.00 time payment fee as part of the $410.00 in total court costs. The District Clerk supplemented the appellate record with the itemized bill of costs.

**ASSESSMENT OF TIME PAYMENT FEE**

In his sole issue, Appellant contends that the trial court prematurely assessed the time payment fee in its judgment.

## Standard of Review and Applicable Law

On appeal, courts review the assessment of court costs to determine whether a basis exists for the cost, rather than whether there was sufficient evidence offered at trial to prove each cost. ***Johnson v. State***, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014); *see also* ***Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (court costs are not part of a sentence, but "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case"). Court costs may not be assessed against a criminal defendant for which a cost is not expressly provided by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2021). When a trial court improperly includes amounts in assessed court costs, the proper appellate remedy is to reform the judgment to delete the improper fees. ***Cates v. State***, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

The Texas Code of Criminal Procedure requires that a person convicted of a felony or misdemeanor pay a reimbursement fee of $15.00 if the person fails to pay any part of a fine, court costs, or restitution within 30 days after the court enters the judgment ordering such payment. TEX. CODE CRIM. PROC. ANN. art. 102.030 (West 2021). However, in ***Dulin v. State***, 620 S.W.3d 129 (Tex. Crim. App. 2021), the Texas Court of Criminal Appeals found that a pending appeal suspends a defendant's duty to pay fines, court costs, and restitution, which duty is triggered only by a final judgment. ***Dulin***, 620 S.W.3d at 133. Thus, the pendency of an appeal "stops the clock" for purposes of the time payment fee. *Id*. A trial court's assessment of a time payment fee before the appellate mandate issues therefore lacks any basis and is premature. *See id.*; ***Pruitt v. State***, 646 S.W.3d 879, 886 (Tex. App.—Amarillo 2022, no pet.).

## Analysis

Appellant's timely notice of this appeal suspended her duty to pay the court costs imposed in the judgment adjudicating her guilt and stopped the figurative clock on the thirty-day payment period which would trigger the time payment fee. ***Dulin***, 620 S.W.3d at 133. These appellate proceedings are still pending, and no court of appeals has issued a mandate.

This Court has the authority to modify incorrect judgments when it has available the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); ***Bigley v. State***, 865 S.W.2d 26, 27–

2

28 (Tex. Crim. App. 1993). Because the imposition of the time payment fee is premature until thirty days after the resolution of an appeal, the time payment fee assessed herein must be struck. We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's only issue, we *modify* both the bill of costs and the trial court's judgment to remove the time payment fee. Our ruling is without prejudice to future assessment of the time payment fee if, more than thirty days after our mandate issues, Appellant fails to completely pay any fine, court costs, or restitution she owes. As modified, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered June 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 8, 2023**

**NO. 12-23-00003-CR**

**KRISTEN L. BECHTEL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-21-35,229)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the bill of costs and the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the bill of costs and the judgment of the court below be **modified** to remove the time payment fee; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*