**Opinion filed January 18, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00319-CR

_____

### TIMOTHY SALINAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 21-8455**

## M E M O R A N D U M   O P I N I O N

Appellant, Timothy Salinas, originally pled guilty to the second-degree felony offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (West 2023). On August 18, 2021, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication for a period of four years. As conditions of his community supervision, Appellant was required to follow all state

and federal laws, report to his community supervision officer, and pay a $100 fine, court costs, and $600 reimbursement fees.

The State subsequently filed an application to adjudicate guilt, alleging that Appellant committed eight violations of his community supervision conditions. On October 24, 2022, the trial court held a hearing on the application, during which the State presented evidence, and Appellant testified that the allegations were "[p]artly" true. The trial court found that Appellant violated the conditions as alleged, revoked his community supervision, adjudicated him guilty, and assessed Appellant's punishment of confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty years.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response to counsel's *Anders* brief in which he requested the appointment of another attorney on appeal, but did not address the merits of the case. Following the procedures outlined in *Anders* and *Schulman*, we

2

have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

However, the judgment adjudicating Appellant guilty orders payment of $600 in reimbursement fees for court-appointed counsel that was previously ordered when he was placed on deferred adjudication. Although the trial court found that Appellant had the financial resources to pay said reimbursement fees in the order deferring adjudication of guilt, the final judgment adjudicating Appellant guilty contains no such finding.

The record establishes that prior to the revocation hearing, Appellant was found to be indigent. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court shall order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2023).

Because the record does not show the trial court determined, upon re-ordering the payment of reimbursement fees, that Appellant had the financial resources or ability to pay the appointed attorney's fees, the trial court erred by assessing them. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding judgment should be reformed to remove assessment of attorney's fees because there was no finding in the record that an indigent defendant was able to repay the costs of court-appointed counsel). We therefore modify the judgment to delete the reimbursement fees.

---

[1] We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.


JOHN M. BAILEY

CHIEF JUSTICE


January 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.