# NO. 12-24-00001-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASMINE TRUVAE HART,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jasmine Truvae Hart appeals following the revocation of her deferred adjudication community supervision. In one issue, Appellant argues that the trial court erred in assessing the time-payment fee as a court cost against her. We modify the trial court's judgment and bill of costs to remove the time payment fee and affirm the judgment as modified.

## BACKGROUND

Appellant was charged with theft of service and pleaded "guilty." The trial court deferred finding appellant "guilty" and placed her on community supervision for five years.

Thereafter, the State filed a motion to revoke Appellant's community supervision and proceed to final adjudication of guilt, arguing that Appellant violated certain terms and conditions of her community supervision. At the hearing on the State's motion, Appellant pleaded "not true" to the allegations in the State's motion. Following the presentation of evidence and argument of counsel, the trial court found the allegations in the State's motion to be "true," revoked Appellant's community supervision, adjudicated her "guilty" as originally charged, and sentenced her to imprisonment for twenty months. This appeal followed.

In her sole issue, Appellant argues that the trial court erred by prematurely assessing the fifteen-dollar time-payment fee in its judgment.

## Standard of Review and Governing Law

On appeal, courts review the assessment of court costs to determine whether a basis exists for the cost, rather than whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (court costs are not part of a sentence, but "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case"). Court costs may not be assessed against a criminal defendant when such costs are not provided expressly by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018). When a trial court improperly includes amounts in assessed court costs, the appropriate appellate remedy is to reform the judgment to delete the improperly assessed fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *Bechtel v. State*, No. 12-23-00003-CR, 2023 WL 3910362, at *1 (Tex. App.–Tyler June 8, 2023, no pet.) (mem. op., not designated for publication).

The Texas Code of Criminal Procedure requires that a person convicted of a felony or misdemeanor pay a reimbursement fee of $15.00 if the person fails to pay any part of a fine, court costs, or restitution within thirty days after the court enters the judgment ordering such payment. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2023). However, in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), the Texas Court of Criminal Appeals concluded that a pending appeal suspends a defendant's duty to pay fines, court costs, and restitution, which duty is triggered only by a final judgment. *Dulin*, 620 S.W.3d at 133. Thus, the pendency of an appeal "stops the clock" for purposes of the time payment fee. *Id.* A trial court's assessment of a time payment fee before the appellate mandate issues, therefore, lacks any basis and is premature. *See id.*; *Pruitt v. State*, 646 S.W.3d 879, 886 (Tex. App.–Amarillo 2022, no pet.).

## Discussion

In the instant case, the Smith County District Clerk's itemized bill of costs, which was certified on January 10, 2024, included a $15.00 time-payment fee as part of the $266.50 in total court costs. Appellant's timely notice of this appeal suspended her duty to pay the court costs imposed in the judgment adjudicating her guilt and stopped the figurative clock on the thirty-day payment period, the expiration of which would trigger the time-payment fee. *See Dulin*, 620

S.W.3d at 133. These appellate proceedings still are pending, and no court of appeals has issued a mandate.

This Court has the authority to modify incorrect judgments when it has available the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); ***Bigley v. State***, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); ***Bechtel***, 2023 WL 3910362, at *2. Because the imposition of the time payment fee is premature until thirty days after the resolution of an appeal, the time payment fee assessed herein must be struck. Appellant's sole issue is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we ***modify*** both the bill of costs and the trial court's judgment to remove the time-payment fee. Our ruling is without prejudice to future assessment of the time-payment fee if, more than thirty days after our mandate issues, Appellant fails completely to pay any fine, court costs, or restitution she owes. We ***affirm*** the trial court's judgment as modified.

GREG NEELEY
Justice

Opinion delivered July 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2024**

**NO. 12-24-00001-CR**

**JASMINE TRUVAE HART,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1450-19)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment and bill of costs of the trial court below should be **modified**.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment and bill of costs of the court below be **modified** to remove the time payment fee; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*